IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

SEAN P. RYAN,

    Plaintiff,

vs.                    CASE NO: 8:08-cv-1618-T-30EAJ

LAW OFFICES OF DAVID J.
STERN, P.A.; ADAM F. GEORGE,

    Defendants.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)

Plaintiff, SEAN P. RYAN, by the undersigned attorneys, sues defendants, LAW OFFICES OF DAVID J. STERN, P.A. and ADAM F. GEORGE and states as follows:

PART I: INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

2. The debt sought to be collected by the defendants herein was a consumer debt within the meaning of the FDCPA.

3. The plaintiffs have retained the below-signed

attorneys and are obligated to pay them a reasonable fee for their services.

## PART II: JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C., § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PART III: PARTIES

6. Plaintiff Sean P. Ryan ("Ryan") is a natural person residing in Pinellas County, Florida, which is in the Middle District of Florida, Tampa Division.

7. The defendants herein are as follow:

    a. LAW OFFICES OF DAVID J. STERN, P.A. ("Stern") is a Florida Corporation with its headquarters being located in Plantation, Florida.

    b. ADAM F. GEORGE ("George") is a natural person and an attorney member of the Florida Bar.

8. All defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6).

## PART IV: FACTUAL ALLEGATIONS

9. The plaintiff has been the object of consumer debt

collection activity by all of the defendants, which activity occurred within one year prior to the date of filing this action for acts for which the Plaintiff seeks recovery under the FDCPA.

10. On or about August 20, 2007, the defendants filed, or caused to be filed, a mortgage foreclosure lawsuit in the Circuit Court in and for Pinellas County, Florida, being Case No. 07-8106-CI on the docket of that court ("the state court action"). A copy of the Complaint to Foreclose Mortgage and to Enforce Lost Loan Documents which was filed in the state court action is attached as Exhibit "A".

11. Sean Ryan was joined as a defendant in the above referenced foreclosure action and the Complaint filed therein contained allegations that he had signed a promissory note and was liable for the debt secured by the mortgage being foreclosed. However, he had in fact not signed said note and did not have an ownership interest in the property being foreclosed.

12. Sean Ryan was forced to hire an attorney to defend himself against the bogus claim of a debt owed in the state court action. Finally, on or about October 3, 2007 the defendants herein filed a Notice of Dropping Party in the state court action, dropping Ryan from the action as a party

defendant.

13. In the course of the above-said consumer debt collection activity, both of the defendants violated one or more provisions of the FDCPA, including but not limited to the following:

    a. The defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

    b. The defendants made false representations in connection with the foreclosure action by asserting that Sean Ryan was obligated to pay the debt sued upon in the state action in violation of violation of 15 U.S.C. § 1692e(2)A.

14. As a result of the above violations of the FDCPA, the defendants are liable to the plaintiff for statutory damages of $1,000.00 together with actual damages, costs, and attorneys fees, all as provided in 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs demand judgment against the defendants as indicated above for the following:

    a. Actual and statutory damages pursuant to 15 U.S.C. § 1692(k);

    b. Costs and attorneys' fees pursuant to 15 U.S.C. § 1692;

    e. Such other and further relief as the Court may

deem to be just and proper.

    f. Plaintiffs demand trial by jury in this action.

```
                    s/ Timothy Condon
                    TIMOTHY CONDON, TRIAL COUNSEL
                    FBN  217921  Email tim@timcondon.net
                    FREDERICK W. VOLLRATH, CO-COUNSEL
                    FBN 165812  Email fredvollrath@aol.com
                    VOLLRATH-CONDON, P.A.
                    P.O. Box 1007, Tampa, Florida 33601
                    Tel. 813-251-2626  Fax 813-254-2979
                    COUNSEL FOR PLAINTIFF
```